1   IN THE UNITED STATES DISTRICT COURT

2   FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4   R.J.; N.J.; and N.J.; MINORS, BY          No. C 11-4123 CW
    AND THROUGH THEIR GUARDIAN AD
5   LITEM CURTIS R. NAMBA,                     ORDER GRANTING
                                               MOTION TO DISMISS
6        Plaintiffs,                           WITH LEAVE TO
                                               AMEND
7     v.

8   COUNTY OF ALAMEDA; ALAMEDA COUNTY
    SOCIAL SERVICES; DOE ALAMEDA
9   COUNTY SOCIAL SERVICES' SOCIAL
    WORKER; DOE ALAMEDA COUNTY SOCIAL
10  SERVICES' SUPERVISOR; WEST COAST
    CHILDREN'S CLINIC; DOES 1-60,
11  INCLUSIVE,

12       Defendants.

13  _____/

14

15                    INTRODUCTION

16       Plaintiffs bring a second amended complaint (2AC) against

17  Defendants.  In relevant part, they allege that Defendant West

18  Coast Children's Clinic (West Coast) negligently breached its

19  statutory duty to warn Plaintiffs, as reasonably foreseeable

20  victims, of the serious threat of bodily harm made against them by

21  West Coast's patient.  As a result of this breach, Plaintiffs

22  claim they have suffered physical and emotional harm.  West Coast

23  moves to dismiss the complaint; Plaintiffs oppose.

24                     BACKGROUND

25       Plaintiffs in this case are three minor children, R.J., N.J.,

26  and N.J., who are represented in these proceedings by a Guardian

27  ad Litem, Curtis R. Namba.  At all times relevant to this case,

28

they were foster children in Alameda County.  Prior to September 2007, Plaintiffs lived with their foster parents, Lois Jones and TaTanisha McNeil.  At that time their half-sister, Laronda W., was placed in the foster home with them.

According to the complaint, on or about November 30, 2009, Ronald revealed that Laronda had been sexually abusing him since she came into the home.  The reported abuse included oral copulation, intercourse and fondling.  A few days later it was discovered that Laronda had molested two year old Noah, and Plaintiffs believe that she also molested his twin sister.

Plaintiffs bring a 2AC against Defendants Alameda County, County of Alameda Department of Social Services (DSS), and West Coast.  The lawsuit names four causes of action: 1) violations of statutory and regulatory duties as to Alameda County and DSS, 2) civil rights claim under 42 U.S.C 1983 as to Alameda County and DSS, 3) fraud, misrepresentation, fraudulent concealment and omission as to Alameda County and DSS, and 4) negligent breach of psychotherapist's statutory duty to warn as to West Coast.  West Coast moves to dismiss Plaintiffs' fourth cause of action on the grounds that it fails to state a claim.

Plaintiffs allege that West Coast had knowledge of Laronda's history of violence and sexual abuse of other children who were in homes where she was placed.  They allege that all Defendants, including West Coast, were aware that she was a sex offender as early as 2001 when they received reports that she had engaged in sexual activity with a five year old.  Moreover they claim that Laronda was removed from another foster home in May 2001 for

United States District Court
For the Northern District of California

beating up and molesting her younger sister.  Plaintiffs also claim that all Defendants were aware that Laronda was removed from yet another home for sexually abusing an eleven year old boy. They claim that West Coast was aware that instances of sexually abusive behaviors were continuing up until the time that Laronda was placed into the foster home with Plaintiffs.  Plaintiffs allege that West Coast employed therapists who had a psychotherapist-patient relationship with Laronda and that Laronda communicated to her therapists threats of physical violence against minor children residing with her in foster homes.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

**United States District Court**
For the Northern District of California

DISCUSSION

Plaintiffs contend that, under California law, West Coast had a duty to warn reasonably foreseeable victims of the immediate danger stemming from Laronda's threats and violent, sexually abusive tendencies.  They claim that West Coast breached this duty by failing to warn either the County Defendants or Plaintiffs' foster parents of the danger posed by Laronda to her siblings.

In its motion, West Coast argues that it had no duty to warn in this case because its therapists had no knowledge of Laronda's history or propensity to harm other children in her home as alleged in the complaint.  It further maintains that Plaintiffs cannot "show that West Coast therapists knew of Laronda's alleged sexual molestation of foster children before she was seen at West Coast or that Laronda made a serious threat of violence against plaintiffs."  As Plaintiffs correctly point out, West Coast's argument is inapplicable on a motion to dismiss.  The question on a motion to dismiss is not whether the facts alleged are true and verifiable but, rather, whether Plaintiffs have alleged facts which, if true, support the claim.

California Civil Code § 43.92(a) states that there is no cause of action against a psychotherapist for failing to warn of and protect others from a patient's threatened violent behavior or failing to predict and warn of a patient's violent behavior "except where the patient has communicated to the psychotherapist a serious threat of physical violence against a reasonably identifiable victim or victims."

Plaintiffs list several specific instances of past abuse by Laronda which they claim showed her propensity for sexual violence

1   against other children.  Plaintiffs also allege that she

2   communicated threats of violence against children in her foster

3   care placement to her therapist employed by West Coast.  However,

4   in claiming that Laronda "communicated to the psychotherapists a

5   serious threat of physical violence against reasonable

6   identifiable victim or victims, specifically minor children

7   residing in foster homes where she was placed," Plaintiffs merely

8   recite the language of the statute.  Although detailed factual

9   allegations are not required, the critical element of this

10   complaint is conclusory, and alleges no specific facts as to what

11   Laronda actually said to the psychotherapist that constituted a

12   threat to specific persons.

13       Although this is a second amended complaint, it is the first

14   motion related to this complaint on which the Court has ruled.

15   Moreover, West Coast failed to cite the correct standard in its

16   moving papers.  Accordingly, Plaintiffs are granted leave to amend

17   their complaint within fourteen days so long as they can

18   truthfully cure the deficiencies noted above.

19       If Plaintiffs file an amended complaint, West Coast shall

20   answer or file a motion to dismiss fourteen days thereafter.  If

21   West Coast moves to dismiss, Plaintiffs' opposition shall be due

22   seven days after the motion is filed.  Any reply shall be due

23   seven days after that.  This motion will be decided on the papers.

24

25

26

27

28

CONCLUSION

For the foregoing reasons the motion to dismiss is granted with leave to amend.

IT IS SO ORDERED.

Dated: 11/23/2011

CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California