UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD J.; NORA J. AND NOAH J.; minors by and through their Guardian ad Litem, CURTIS R. NAMBA,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF ALAMEDA, *et al.*,<br><br>    Defendants. | Case No.: 11-CV-4123 YGR<br><br>ORDER DENYING WITHOUT PREJUDICE (1) EX PARTE MOTION FOR APPROVAL OF MINORS' COMPROMISE AND (2) EX PARTE MOTION TO FILE RECORDS UNDER SEAL |

Now before the Court are two purported ex parte[1] motions filed by Plaintiffs Ronald J., Nora J., and Noah J., through their guardian ad litem. First, Plaintiffs move for approval of a minors' compromise settling the instant litigation. (Dkt. No. 52-3 ("Motion for Approval").) Second, Plaintiffs move to have this Court seal the entirety of the Motion for Approval and supporting documents. (Dkt. No. 52 ("Motion to Seal").) As set forth below, both Motions are

---

[1] The Court construes Plaintiffs' purported "ex parte" filing of their motions as a request to have the motions heard on shortened time and without oral argument. The Court does so because, though Plaintiffs provide no valid reason to proceed ex parte, *see* Civ. L.R. 7-10, neither do they appear to seek an actual ex parte proceeding, since they gave Defendants notice of their Motions, if not the actual moving papers themselves. (*See* Dkt. No. 52-6 (Certificate of Service).) If Plaintiffs' aim was to have their motion heard on shortened time, they should have filed a Motion for Administrative Relief. *See* Civ. L.R. 7-11. The Court excuses Plaintiffs' counsel from the necessity of filing such a motion in this instance, though counsel should consider themselves notified that further noncompliance with the Court's local rules may result in sanctions.

hereby **DENIED WITHOUT PREJUDICE** and shall be refiled consistent with the guidance herein no later than **Wednesday, October 23, 2013**.

**I.    MOTION FOR APPROVAL**

Plaintiffs' Motion for Approval is **DENIED WITHOUT PREJUDICE** for the following four reasons:

First, Plaintiffs' counsel seek a contingent fee award of 30 percent of the entire settlement fund, but have yet to make a showing of good cause why an award in excess of the 25 percent benchmark is warranted.  *See* CAL. PRAC. GUIDE PERS. INJ. § 4:527.3 (attorney fees in excess of 25 percent rarely awarded in cases involving minors absent showing of good cause).  As an initial matter, though Plaintiffs' counsel state that their contingency fee agreement authorizes a 40 percent fee (Dkt. No. 52-4 ¶ 8(e)), they do not attach that fee agreement.  Further, Plaintiffs' counsel's declaration in support of their attorney fee request appears to reflect no more than the normal investigation, due diligence, and limited motion practice that should be expected in any case.  (*Id.* ¶¶ 8(a-c).)  Finally, the declaration's discussion of the risks involved in litigating the case is conclusory.  (*See id.* ¶ 8(g).)  In sum, the Court is not satisfied by the record before it that 30 percent is a reasonable fee under the circumstances.  (CAL. PROBATE CODE § 7.955.)

Second, Plaintiffs' papers are less than clear as to whether the contemplated $15,000 referral fee to attorney Kathy Finnerty and $5,000 compensation fee for the guardian ad litem shall be paid out of the contingent fee award, or separate from it—that is, paid from the settlement proceeds that otherwise would go to the minor plaintiffs.  (Mot. for Approval at 7.)  Plaintiffs shall clarify those arrangements in any amended motion.

Third, Plaintiffs provide no explanation for a $200.00 item appearing in their itemized list of costs, labeled as a "Client advance."  (Mot. for Approval at 7.)  Given that the clients in this case are minor children, counsel shall include with any amended motion an explanation of this advance, specifying to whom it was paid and under what circumstances.

Fourth, the Court is concerned about certain costs that appear elevated, namely, an item for "Telephone charges" costing $1,035.89, and another item for "Prints/copies" costing $2,336.20.  In

any amended motion, Plaintiffs' counsel shall explain how they charge their clients for these costs and how they accumulated the charges identified here.

## II. MOTION TO SEAL

Plaintiffs seek to seal the entirety of their Motion for Approval, including all supporting documents. That request sweeps too broadly and accordingly is **DENIED WITHOUT PREJUDICE**.[2] The Court will consider a partial motion to seal consistent with the following guidance.

If documents are to be sealed at all, sealing must be "narrowly tailored" to conceal only legitimately sealable material. (*See* Civ. L.R. 79-5(a).) Plaintiffs here offer two reasons to seal the Motion and supporting documents: first, the right to privacy of the minor Plaintiffs (Mot. to Approve at 3), and second, the County's putative interest in protecting its "procedures and policies in the placement of foster children" (*id.*). The first rationale is obviously legitimate, but Plaintiffs provide no authority for the proposition that the County has any protectable privacy interest in general information concerning the content of its procedures and policies. Nor is it obvious that any such interest exists. On the contrary, the County, as a governmental body, presumably sets its policies and follows its procedures in a public context. For these reasons, the Court perceives only a single justification for sealing information: protecting the privacy interests of the minor Plaintiffs. The Court sees no reason why redacting Plaintiffs' surnames, as well as the month and day of their birthdates, would fail to protect those interests.

## III. CONCLUSION

Plaintiffs' Motion for Approval and Motion to Seal are both **DENIED WITHOUT PREJUDICE**. Plaintiffs shall refile those motions no later than **Wednesday, October 23, 2013**, consistent with this Court's Civil Local Rules and the guidance provided herein.

---

[2] Requests to seal must be "narrowly tailored." (Civ. L.R. 79-5(a).) Plaintiffs' justification for sealing the entirety of the motion—that filing a redacted copy would provide "the Court and the public" with "no meaningful information" (Mot. to Seal at 4)—is unpersuasive. As to the Court, Rule 79-5 requires parties to provide the Court with an unexpurgated copy of their documents for *in camera* review, the purpose being to provide the Court with "meaningful information" regarding whether to seal the documents and, if so, to what extent. (See Civ. L.R. 79-5(a), Commentary.) As to the public, Plaintiffs do not explain how an *entirely* sealed document could provide the public with more meaningful information than a *partly* sealed document. The Court has reviewed the documents and sees no reason to seal the documents in their entirety.

3

This Order terminates Docket No. 52.

**IT IS SO ORDERED**.

Date: October 16, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**