**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RONALD J.; NORA J. AND NOAH J.; minors by and through their Guardian ad Litem, CURTIS R. NAMBA,**<br><br>       **Plaintiffs,**<br><br>       v.<br><br>**COUNTY OF ALAMEDA,** *et al.*,<br><br>       **Defendants.** | Case No.: 11-CV-4123 YGR<br><br>**ORDER:**<br>**(1) SEALING PETITION TO WITHDRAW FROM COURT BLOCKED ACCOUNTS;**<br>**(2) DIRECTING SERVICE OF ORDER;**<br>**(3) SETTING HEARING;**<br>**(4) COMPELLING APPEARANCE BY PLAINTIFFS' COUNSEL, GUARDIAN AD LITEM, AND FOSTER PARENTS; AND**<br>**(5) AUTHORIZING WRITTEN RESPONSES TO PETITION** |

Now before the Court is a Petition to Withdraw from Court Blocked Accounts ("Petition"), manually filed on January 21, 2014 and electronically filed under seal at Docket Number 60 in the above-styled civil action. As set forth below, the Court **ORDERS** the Clerk of the Court to seal the Petition, but to provide limited access as described herein. Further, the Court **ORDERS** a hearing on the Petition at **2:00 p.m. on Wednesday, February 12, 2014**. The Court **ORDERS** Plaintiffs' counsel, Plaintiffs' guardian ad litem Curtis R. Namba, and Plaintiffs' foster parents Lois J. and Ta-Tanisha M. ("Parents") to appear for the hearing *in person*.

**RELEVANT BACKGROUND**

This difficult case stems from allegations that a foster child, L.J., sexually abused her three foster siblings, the three minor Plaintiffs Ronald J., Nora J., and Noah J. Ronald J. was thirteen years old at the time of the alleged abuse, while twins Nora J. and Noah J. were infants. Ronald J. is now a senior in high school and the twins are five years old. Plaintiffs claimed that the County of

Alameda and other Defendants were negligent in failing to divulge L.J.'s history of sexually abusing other children before placing her in foster care with Plaintiffs' Parents. Plaintiffs also asserted a federal claim arising under 42 U.S.C. § 1983, which prompted the County to remove the case from California state court to this Federal Court.

On November 1, 2013, this Court issued two Orders. One approved a minors' compromise settling this matter. (Dkt. No. 56 ("Minors' Compromise Order").) The Minors' Compromise Order established, among other things, a $5,000 blocked savings account for each of the three minor Plaintiffs, with the funds being earmarked for "current counseling and academic needs." (*Id.* at 2.) The Plaintiffs reached the minors' compromise by and through their guardian ad litem and were represented by counsel. (*See*, *e.g.*, Dkt. No. 54-1 ¶ 1.)

The Court's second Order of November 1, 2013, sealed portions of the documents filed in support of the minors' compromise. (Dkt. No. 55 ("Sealing Order").) The Sealing Order preserves the privacy of the minor Plaintiffs by redacting their surnames, dates of birth, and mailing address. (*Id.* at 2; Dkt. No. 53 at 3.)

On December 23, 2013, the parties filed a stipulated dismissal of this action. (Dkt. No. 59.)

On January 21, 2014, Plaintiffs' Parents filed the instant Petition, in which they seek to withdraw $4,500 from each of the three Plaintiffs' blocked savings accounts, leaving $500 in each.

**DISCUSSION**

The Petition raises at least three issues. First, the Court is concerned that it is the Parents, rather than the Plaintiffs' guardian ad litem, who bring the Petition. The Parents identify themselves as appearing pro se, and they do not describe the involvement, if any, of the guardian ad litem or Plaintiffs' attorneys in bringing the Petition. "The purpose of a guardian ad litem is to protect the minor's interests in the litigation." *Williams v. Superior Court*, 147 Cal. App. 4th 36, 47 (2007). The role of guardian ad litem exists, in part, to ameliorate potential conflicts of interest between minor litigants and their parents. *See id.* at 49. Here, it is not apparent from the record now before the Court that the guardian ad litem has had an opportunity to discharge his duties with respect to the Petition.

Second, the Court is troubled by the casual manner in which the Parents' Petition divulges all of the information that the Court previously placed under seal, specifically, the Plaintiffs' surnames, birthdates, and mailing address, along with other information that was redacted from previous filings, such as the Parents' own names. The Petition is facially inadequate in safeguarding the privacy rights of the three minor Plaintiffs. The Court, however, "has the responsibility to protect the rights of a minor who is a litigant in court . . . ." *Williams*, 147 Cal. App. 4th at 49 (citation omitted).

Finally, some of the items for which the Petition seeks withdrawal of funds lack an obvious connection to the minor Plaintiffs' "current counseling and academic needs." The Court is not persuaded that all of the expenditures that the Parents request serve the best interests of the children, or are consistent with the Minors' Compromise Order. "A minor is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done him." *Williams*, 147 Cal. App. 4th at 49-50 (internal quotation marks omitted). "[T]he court has the inherent authority to make decisions in the best interests of the child, even if the parent objects." *Id.* at 49.

**ORDER**

In view of the issues set forth above, the Court **ORDERS** as follows:

(1) The Clerk of the Court shall **SEAL** the Petition to Withdraw from Blocked Accounts. However, any party to this action, or their counsel, may access the Petition and/or related documents upon a request made in person or in writing.

(2) The Clerk of the Court shall **SERVE** a copy of this order on all named parties in this action by mailing it to their counsel, if any, or otherwise to the party directly. Plaintiffs shall be notified through both their guardian ad litem and their counsel.

(3) The Court **SETS** a hearing on the Parents' Petition to Withdraw from Blocked Accounts. The hearing shall be held at **2:00 p.m. on Wednesday, February 12, 2014,** in Courtroom 5 of the United States Courthouse located at 1301 Clay Street in Oakland, California. Due to the sensitivity of the minor Plaintiffs' identifying information, the hearing shall be conducted under seal.

(4) The Court **ORDERS** the following to appear *in person* at the February 12 hearing: counsel for Plaintiffs; Plaintiffs' guardian ad litem; and the Plaintiffs' Parents.  Defendants are permitted but not required to attend.

(5) The Court **AUTHORIZES** Plaintiffs and/or Defendants to file a written Response to the Parents' Petition.  Any Response shall be: filed in accordance with this Court's Civil Local Rules; no more than five pages in length; filed with the Court at least five business days before the February 12 hearing; and shall be filed under seal if it divulges any information previously sealed by this Court in this case.  (*See* N.D. Cal. Civ. L.R. 79-5 (procedure for sealing documents).)

**IT IS SO ORDERED**.

Date: January 24, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**